**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas H Warner,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-18-01000-PHX-ROS<br><br>**ORDER** |

Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending Thomas H. Warner's petition for writ of habeas corpus be denied. (Doc. 21). Warner filed objections to the R&R but, having reviewed the issues de novo, Warner is not entitled to relief. Therefore, the R&R will be adopted and Warner's petition will be denied.

## BACKGROUND

The factual background is undisputed. In February 2012, Warner was having problems with his computer. Warner gave his computer to an individual who operated a computer repair company. In attempting to repair Warner's computer, that individual found "a folder on the computer that had about fifty images of nude boys ranging in ages of five years old to fourteen years old." The individual took the computer to the police and officers obtained a search warrant for Warner's computer and home. The police subsequently located hundreds of additional images on Warner's computer. The police also found numerous external storage drives containing sexual images of boys.

Based on the images, Warner was charged with ten counts of sexual exploitation of a minor in state court. After discussions with his counsel, Warner opted to plead guilty to one count of sexual exploitation of a minor and two counts of attempted sexual exploitation of a minor. (Doc. 21 at 2). Warner was sentenced to ten years imprisonment as well as lifetime supervised probation.

Warner was then appointed different counsel for purposes of seeking post-conviction relief. That counsel filed a notice she was "unable to find any claims for relief to be raised in post-conviction relief proceedings." Warner then filed a pro se petition. In his petition, Warner claimed he had been denied effective assistance of counsel at trial and during post-conviction proceedings. Warner also argued he had new evidence regarding a mental health disorder, the relevant criminal statute did not apply to his conduct, and the prosecution had engaged in misconduct. The trial court denied relief as did the Arizona Court of Appeals. Warner then filed the present federal petition.

In screening Warner's federal petition, the Court interpreted Warner as presenting four claims: (1) the evidence against him had been obtained using an illegal search warrant; (2) his trial counsel had been ineffective by not moving to suppress the evidence against him; (3) the prosecutor had coerced Warner's guilty plea; and (4) the Arizona courts had demonstrated "prejudice and bias" during the post-conviction relief process. (Doc. 7 at 9). The Court dismissed the fourth claim because errors of the type Warner alleged in the state post-conviction review process cannot be addressed in a federal habeas proceeding. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). The Court called for an answer to the remaining three claims.

In answering the petition, Respondents stated Warner's claims were barred by the "affirmative defenses of preclusion, non-cognizability, and procedural default." (Doc. 16 at 2. In her R&R, the Magistrate Judge agreed that Warner had not exhausted any of his claims. After reaching that conclusion, the Magistrate Judge went on to explain why, even if exhausted, the claims would not entitle Warner to relief. Warner filed objections but, as set forth below, those objections do not show Warner is entitled to relief.

**ANALYSIS**

**I. Fourth Amendment Claim**

Warner's first claim is that all the "evidence used in [his] prosecution was obtained by police detectives' use of an illegal search warrant." (Doc. 7 at 6). As correctly explained in the R&R, a federal court "cannot grant federal habeas relief" on this type of Fourth Amendment issue. *Moorman v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005). That is, because Arizona gave Warner "an opportunity for full and fair litigation of his Fourth Amendment claim," he cannot obtain federal habeas relief on his Fourth Amendment claim. *Id.* The fact that Warner did not actually litigate the Fourth Amendment claim in state court is immaterial. "It does not matter that petitioner pleaded guilty before litigating the [Fourth Amendment] issue; what matters is that petitioner had the opportunity." *Hunt v. Williams*, No. 3:13-CV-00040-MMD, 2014 WL 2761168, at *2 (D. Nev. June 17, 2014). Thus, even assuming the Fourth Amendment claim had been raised in state court, Warner would not be entitled to relief.

**II. Ineffective Assistance of Counsel**

Warner's second claim is that his trial counsel provided ineffective assistance by failing to file a motion to suppress in the state court proceedings. For present purposes the Court will assume that, pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), Warner's procedural default does not prevent analysis of the claim on its merits.

To prove ineffective assistance of counsel Warner must show "both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). To prove deficient performance in the specific context of failing to file a motion to suppress, Warner must establish "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore*, 562 U.S. 115, 124 (2011). In other words, if Warner's "counsel reasonably could have determined that the motion to suppress would have failed," Warner's counsel did not perform deficiently. *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2559 (2018).

At the time of Warner's prosecution, it is possible the search of Warner's computer

by the repair technician "extinguished [Warner's] reasonable expectation of privacy" in the computer. *United States v. Tosti*, 733 F.3d 816, 821 (9th Cir. 2013). And if Warner had no reasonable expectation of privacy in the computer, any motion to suppress the contents of the computer would have been futile. At the very least, a reasonable attorney might have concluded such a motion would have been futile. Moreover, the computer repair technician's report of what he had observed on the computer likely was enough to support a search warrant. Therefore, Warner has not established his counsel performed deficiently.

As for the second requirement of showing he was prejudiced by his counsel's actions, Warner must "demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo*, 562 U.S. at 129. Having concluded that counsel did not perform deficiently, it is difficult to conduct a meaningful prejudice inquiry. But in the present circumstances, it appears the Court should determine whether Warner would have insisted on going to trial if his counsel had filed an *unsuccessful* motion to suppress.[1] Warner has not established he would have followed that course.

At the time he chose to plead guilty, Warner was facing ten counts of sexual exploitation of a minor. Had he proceeded to trial and lost, Warner faced a mandatory minimum sentence of 100 years. *See* A.R.S. § 13-3553 (prohibiting "sexual exploitation of a minor" which includes "possessing . . . any visual depiction in which a minor is engaged in exploitative exhibition or other sexual conduct" and classifying such crime as "class 2 felony"); A.R.S. § 13-755(D) (imposing ten-year minimum for "sexual exploitation of a minor"); A.R.S. § 13-755(M) (requiring consecutive sentences). Even in his objections to the Magistrate Judge's recommendations, Warner has not clearly and unequivocally stated he would have insisted on going to trial in light of this reality. Therefore, Warner has not established any plausible basis for concluding he was prejudiced.

Because Warner has not established deficient performance or prejudice, his claim

---

[1] Given that a motion to suppress would have been futile, there is no basis for analyzing prejudice as if such a motion had been filed and granted.

- 4 -

of ineffective assistance of counsel fails.

### III. Coercion by Prosecutor

Warner's final claim is that the prosecutor "lied" by stating the evidence seized pursuant to the warrant "would result in a lifetime-exceeding 100-year sentence for the initial 10-count charge if [Warner] did not plead guilty to 3 counts with a 10 year sentence." (Doc. 7 at 8). While the precise nature of this claim is unclear, it appears Warner did not exhaust anything similar to this claim in state court. Therefore, he cannot pursue it here. Moreover, Warner's decision to plead guilty might bar consideration of this claim, depending on the type of prosecutorial misconduct at issue. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). But setting aside those issues, Warner still is not entitled to relief because he has not identified any improper coercion that might have rendered his plea less than knowing and voluntary.

Based on his filings, it appears Warner believes it was impermissibly coercive for the prosecutor to point out the sentence Warner faced if he did not plead guilty. That is not correct. The Supreme Court long ago observed a prosecutor may "influence or encourage a guilty plea" by threatening a more severe penalty than the penalty available if a defendant pleads guilty. *Brady v. United States*, 397 U.S. 742, 750 (1970). In one case, for example, a prosecutor stated he would "recommend a sentence of five years in prison if [the defendant] would plead guilty." *Bordenkircher v. Hayes*, 434 U.S. 357, 358 (1978). If, however, the defendant "chose not to plead guilty," the prosecutor stated he would seek an additional charge that would subject the defendant "to a mandatory sentence of life imprisonment." *Id.* The defendant refused to plead guilty, the prosecutor obtained an indictment with the additional charge, the defendant was convicted at trial, and he was sentenced to a life term. *Id.* The Supreme Court saw nothing wrong with this sequence of events. In fact, the Supreme Court noted that "confronting a defendant with the risk of

more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights [but] the imposition of these difficult choices [is] an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Id.* at 364. In other words, there was nothing wrong with presenting a defendant with a choice between pleading guilty and serving five years or going to trial and getting a life term.

In the present case, there is no indication the prosecutor's actions were based on some "unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* Instead, it appears the prosecutor believed Warner had committed ten distinct acts of sexual exploitation of a minor. Per Arizona law, conviction on all ten counts would have required imposition of a 100-year sentence. The prosecutor did not act inappropriately by acknowledging this reality but offering Warner a much lower sentence if he agreed to plead guilty. Warner's claim involving prosecutorial coercion fails.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 21) is **ADOPTED** with the additional analysis set forth above. The amended petition for writ of habeas corpus (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the petition does not make a substantial showing of the denial of a constitutional right.

Dated this 11th day of September, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge